United States District Court
Southern District of Texas
**ENTERED**
May 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODRIGO VALENCIA VELAZQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00268 |
| | § | |
| UNKNOWN PARTIES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Rodrigo Valencia Velazquez, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action under *Bivens v. Six Unnamed Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned respectfully recommends that the Court:

(1)   **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against **Officer Morales, Lieutenant Mathews, SIS Operator Machada, and Unknown Parties** due to improper joinder and improper venue based on incidents occurring at the Federal Correctional Institution in Coleman, Florida (FCI-Coleman), the Federal Correctional Institution in Atlanta, Georgia (FCI-Atlanta), the Federal Correctional Institution in Bennettsville, South Carolina (FCI-Bennettsville), the Federal Correctional Institution in Victorville, California (FCI-Victorville),

and the Federal Correctional Institution in Pollock, Louisiana (FCI-Pollock);

(2)     **DISMISS with prejudice** Plaintiff's claims against **the Federal Correctional Institution in Three Rivers, Texas (FCI-Three Rivers) and the South Regional Office of the Bureau of Prisons (BOP)** in their official capacities;

(3)     **DISMISS with prejudice** Plaintiff's Eighth Amendment claims for failure to protect against **Unknown Parties** (referenced in the Second Amended Complaint as a captain and other officials) in their individual capacities for failure to state a claim  for relief; and

(4)     **DISMISS with prejudice** Plaintiff's additional incoherent and irrational claims as frivolous and/or for failure to state a claim for relief.

The undersigned further respectfully recommends that the dismissal of this case **COUNTS** as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).

## II.    PROCEDURAL BACKGROUND

Plaintiff is a federal inmate currently confined at the Federal Correctional Complex in Beaumont, Texas (FCC-Beaumont).  At the time he filed this action, he was confined at the FCI-Three Rivers.  Plaintiff originally filed this action in the United States District Court for the District of Arizona.  (D.E. 1).  Plaintiff sued unknown defendants.  On November 4, 2021, after noting Plaintiff's complaints about the conditions of his confinement in FCI-Three Rivers as well as the FCI-Coleman, the Arizona district court transferred Plaintiff's action to this Court.  (D.E. 3).

Plaintiff subsequently filed an amended *Bivens* complaint, in which he sought to sue prison officials from FCI-Coleman, FCI-Three Rivers, FCI-Atlanta, FCI-Bennettsville, FCI-Victorville, and FCI-Pollock.  (D.E. 10, pp. 2-6).  Plaintiff also appeared to name as defendants the U.S. Armed Force Reserve Complex in Grand Prairie, Texas as well as the BOP.  (D.E. 10, p. 5).  Plaintiff sought monetary and injunctive relief. (D.E. 10, p. 7).

By Order entered on January 4, 2022, the undersigned noted that: (1) Plaintiff presented his allegations in his amended complaint in an incoherent and sometimes illegible fashion, making it difficult to evaluate his claims; and (2) Plaintiff's claims against the individual Defendants, many of whom were employed in federal prisons located outside of the Corpus Christi Division, were unrelated to such extent that such claims could not be joined in one action.  (D.E. 20, p. 2).

The undersigned, therefore, directed Plaintiff to file a Second Amended Complaint and present all of his claims in a legible and coherent fashion.  (D.E. 20, pp. 2-3).  The

undersigned further directed Plaintiff to: (1) label his pleading to the top of the first page of the completed form complaint as "Plaintiff's Second Amended Complaint" and to include the correct civil case number; and (2) answer several questions with respect to each defendant named in the Second Amended Complaint.  (D.E. 20, pp. 3-4).

Without providing the instructed label on the first page, Plaintiff filed his Second Amended Complaint on February 8, 2022.  (D.E. 26).  Plaintiff names the following defendants in his Second Amended Complaint: (1) Officer Morales, employed at the FCI-Coleman; (2) Lieutenant Matthews, employed at the FCI-Coleman; (3) SIS Operator Machado, employed at the FCI-Coleman; (4) the South Regional Office of the BOP; and (5) FCI-Three Rivers.  Plaintiff continues to allege that his rights were violated in connection with incidents occurring during his stay at various federal prisons.  While difficult to glean from his Second Amended Complaint, Plaintiff appears to seek the following relief: (1) injunctive relief in the form of protection from the Mexican Cartel and transfer to a safe prison in Texas; (2) monetary relief as compensation for an injury to his head and general trauma; (3) treatments for his various mental and physical issues relocation for his family; and (4) a deal between him and the Drug Enforcement Agency (DEA) for Plaintiff's safety.  (D.E. 26, p. 4).

## III.   DISCUSSION

### A. Improper Joinder and Venue

Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to join either as "independent or as alternative claims, as many claims as it has against an opposing

party."  Federal Rule of Civil Procedure 20(a), in turn, only allows the joinder of several parties if the claims arise out of a single transaction and contain a question of fact or law common to all the defendants.  In other words, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's Second Amended Complaint (D.E. 26)  impermissibly attempts to raise claims stemming from separate transactions or occurrences.  First, Plaintiff seeks to sue several federal officials (Defendants Morales, Mathews, and Machado) from FCI-Coleman with regard to events occurring at that prison.  (D.E. 26, pp. 3-4, 6-8).  Plaintiff alleges that his life was in danger at the FCI-Coleman due to a hit being placed on him by the Mexican cartel and that FCI-Coleman prison officials failed to protect him from attacks and engaged in acts of retaliation.  (D.E. 26, pp. 3-4, 7-8).  Plaintiff raises similar allegations and claims against unnamed prison officials from FCI-Atlanta, FCI-Bennettsville, FCI-Victorville, and FCI-Pollock.  (D.E. 26, pp. 3-4, 6-8).  Finally, Plaintiff alleges that an unnamed captain and other federal officials at the FCI-Three Rivers failed to protect him from being molested and assaulted at FCI-Three Rivers resulting in various injuries to Plaintiff.  (D.E. 26, p. 3, 7).

By alleging separate occurrences or transactions against prison officials from different federal prisons, Plaintiff's complaint does not comport with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure.  *See* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and

do not involve all defendants, joinder should not be allowed); *see also Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

The undersigned finds it appropriate in this case to consider Plaintiff's *Bivens* claims arising from events occurring at the FCI-Three Rivers, which is the only prison located within the Corpus Christi Division of the Southern District of Texas.   In addition to improper joinder of claims, this Court also is not the proper venue to entertain Plaintiff's claims arising from incidents occurring during his stay at FCI-Coleman, FCI-Atlanta, FCI-Bennettsville, FCI-Victorville, and FCI-Pollock.   *See* 28 U.S.C. §1391(b).[2]   Accordingly, the undersigned recommends that Plaintiff's claims against Defendants Morales, Matthews, Machada, and Unknown Parties, based on events occurring in FCI-Coleman, FCI-Atlanta, FCI-Bennettsville, FCI-Victorville, and FCI-Pollock, be dismissed without prejudice due to improper joinder and improper venue.

Plaintiff remains free to submit separate *Bivens* actions in the proper district courts with regard to claims arising from incidents occurring at various federal prisons other than FCI-Three Rivers.   The undersigned will now screen Plaintiff's *Bivens* claims related to his assignment at FCI-Three Rivers.

---

[2]  Section 1291(b) provides, in pertinent part, that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b).

**B.  Screening under §§ 1915(e)(2)(B) and 1915A(b)(1)**

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."

*Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A *Bivens* action is analogous to an action under § 1983, except that it applies to constitutional violations by federal, rather than state, actors. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

### *(1) Official Capacity*

Despite referencing the involvement of an unknown captain and other officers from FCI-Three Rivers, Plaintiff does not name these individuals as defendants and instead lists FCI-Three Rivers as a defendant. (D.E. 26, p. 3). Plaintiff also lists the South Regional Office of the BOP, although it is unclear whether this defendant has any involvement with respect to the events occurring at FCI- Three Rivers.

A *Bivens* action only provides a remedy for victims of constitutional violations by federal officers in their individual capacities. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). The United States, federal agencies, and federal employees sued in their official capacities, however, are protected by the doctrine of sovereign immunity from constitutional claims asserted under *Bivens*. *Gibson v. Federal Bureau of Prisons*, 121 F. App'x. 549, 551(5th Cir. 2004) (per curiam) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001)); *Aguero v. Transportation Officers*, No. H-17-1612, 2018 WL 2117339, at *1-2 (S.D. Tex. May 8, 2018). To the extent Plaintiff sues FCI-Three Rivers and the South Regional Office of the BOP in their official capacities, such claims are barred. The undersigned, therefore, respectfully recommends that Plaintiff's *Bivens* claims against these defendants in their official capacities be dismissed with prejudice.

### (2) Individual Capacity

Liberally construed, Plaintiff appears to assert deliberate indifference claims for failure to protect against an unknown captain and other officials from the FCI-Three Rivers. The Supreme Court recognizes that *Bivens* claims against federal officials in their individual capacity are limited to three types of cases. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). The Fifth Circuit explains:

> *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90 …; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth

Amendment, *see Davis v. Passman*, 442 U.S. 228 … (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468 … (1980).

*Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020).

To determine whether *Bivens* allows a particular cause of action, courts must consider: (1) whether a case involves a "new context" that is distinct from these cases, and (2) whether any "special factors" preclude extending *Bivens* to this "new context." *Maria S. as Next Friend for E.H.F. v. Garza*, 912 F.3d 778, 784 (5th Cir. 2019) (citation omitted). Extending *Bivens* to new contexts is a disfavored judicial activity. *Abbasi*, 137 S. Ct. at 1857 (citation omitted). "Virtually anything other than the circumstances presented in *Bivens, Davis,* or *Carlson* is a 'new context' precluding the existence of a *Bivens* remedy if special factors counsel against extension." *Awan v. Harmon*, No. 3:17-CV-130-C, 2021 WL 2690088, at \*6 (N.D. Tex. June 1, 2021) (quoting *Oliva*, 973 F.3d at 442).

By expressing its understanding that a "new context" is broad, the Supreme Court construes "a 'context' as new if it is 'different in a meaningful way from previous *Bivens* cases decided by this Court.'" *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (quoting *Abbasi*, 137 S. Ct. at 1859). In *Carlson*, the Supreme Court allowed a federal inmate to bring an Eighth Amendment claim of deliberate indifference in a *Bivens* action as it related to inadequate medical attention. *Carlson*, 446 U.S. at 16 n. 1. Courts have consistently held that, following the Supreme Court's decision in *Abbasi*, "Eighth Amendment claims

that do not relate to medical treatment arise in a new context for *Bivens* purposes." *Awan*, 2021 WL 2690088, at *9 (collecting cases).

As set forth in his Second Amended Complaint, Plaintiff's allegations do not relate to the delay or denial of adequate medical treatment. Rather, Plaintiff alleges that an unnamed captain and other federal officials at the FCI-Three Rivers failed to protect him from being molested and assaulted at FCI-Three Rivers. (D.E. 26, p. 3, 7). Construed as an Eighth Amendment failure-to-protect claim, it arises in a new *Bivens* context. *See Awan*, 2021 WL 2690088, at *9-10 (recognizing that an Eighth Amendment claim for failure to protect an inmate from a sexual assault by another inmate arises in a new context for *Bivens* purposes).

This Court must next consider whether any "special factors" exist to preclude extending the *Bivens* remedy into such new contexts. The Supreme Court sets forth that a *Bivens* cause of action should not be inferred "if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong." *Abbasi*, 137 S. Ct. at 1858. Furthermore, "if there is an alternative remedial structure present in a certain case," the existence if such a structure "alone may limit the power of the judiciary to infer a new *Bivens* cause of action." *Id.*

Consideration of special factors precludes extending the *Bivens* remedy to Plaintiff's deliberate indifference claim against the unknown FCI-Three Rivers' prison officials. On this same issue, the *Awan* court explained:

Congress has already legislated extensively with respect to prisoners' rights, and "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." [*Abbasi*, 137 S. Ct.] at 1865. "Some 15 years after *Carlson* was decided, Congress passed the [PLRA], which made comprehensive changes to the way prisoner abuse claims must be brought in federal court." *Id.* (citing 42 U.S.C. § 1997(e)). "So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs." *Id.* "*Abbasi* makes clear that Congress could have extended the *Carlson* damages remedy to cases involving other types of prisoner mistreatment, but chose not to []." *Dudley* [*v. United States of America*], 2020 WL 532[33]8, at *7; *see also Watkins* [*v. Three Admin. Remedy Coordinators of Bureau of Prisons*], 2021 WL 2070612, at *3, 998 F.3d 682 (finding special factors counseled against extending *Bivens* to First-Amendment retaliation claim[s], noting that "[t]he Prison Litigation Act, which governs lawsuits brought by prisoners, 'does not provide for a standalone damages remedy against federal jailors ...' [s]o out of respect for Congress and the longstanding principle of separation-of-powers, we cannot imply such a remedy in this case") (internal citation omitted).

*Awan*, 2021 WL 2690088, at *10.

Another special factor against expanding *Bivens* relates to the "administration of the federal prison system." *Awan*, 2021 WL 2690088, at *10. *See also Petzold v. Rostollan*, 946 F.3d 242, 248 n.21 (5th Cir. 2019) ("[W]e are unlikely to imply a *Bivens* remedy for this new context as 'special factors' counsel hesitation in federal prison administration.") (citing *Abbasi*, 137 S. Ct. at 1857-58); *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020) ("'[L]egislative action suggesting that Congress does not want a damages remedy[] counsels against judicial do-it-yourself projects. Congress paid close attention to inmate constitutional claims when it enacted the [PLRA]. The Act 'does not

provide for a standalone damages remedy against federal jailers.'") (quoting *Abbasi*, 137 S. Ct. at 1865) (citations omitted).

Lastly, Plaintiff has an alternative remedial process available to him pursuant to the Federal Bureau of Prisons' Administrative Remedy Program.  "Under this program, prisoners can file grievances about any aspect of their confinement, the agency must provide written responses in specified time frames, and prisoners may appeal institutional-level responses to the agency's regional and central offices." *Awan*, 2021 WL 2690088, at *11 (citations and internal quotations omitted).  Courts consistently recognize that this federal program is a special factor that operates to preclude the expansion of the *Bivens* remedy. *Id.* (collecting cases).

Accordingly, the undersigned refrains from inferring new *Bivens* claims in the context of Plaintiff's particular Eighth Amendment indifference claim for failure to protect against the unknown FCI-Three Rivers' officials in their individual capacities. Accordingly, Plaintiff's claims against these officials in their individual capacities, therefore, should be dismissed with prejudice for failure to state a claim for relief.

Plaintiff raises numerous additional incoherent and irrational allegations pertaining to incidents occurring at the FCI-Three Rivers.  (D.E. 26, pp. 3, 7).  For instance, Plaintiff alleges that he was given a poisoned spoon with chemicals in an apparent attempt on his life due to a hit being placed on him. (D.E. 26, pp. 3, 7).  The Court, however, is not bound to accept such an irrational and delusional allegation as true.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that allegations must be accepted as true, unless they

are clearly irrational, baseless, or wholly incredible); *Henry v. Kerr County, Texas*, No. SA-16-CV-284, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) (explaining that "[a] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible") (citing *Denton*, 504 U.S. at 32-33).

Even if the Court were to accept Plaintiff's irrational allegations as true, Plaintiff again fails to present the type of claim that is cognizable in a *Bivens* action. As with Plaintiff's failure-to-protect claims, no "special factors" exist to warrant extending the *Bivens* remedy into the new contexts presented by Plaintiff. Accordingly, the undersigned respectfully recommends that Plaintiff's additional incoherent and irrational claims be dismissed as frivolous and/or for failure to state a claim for relief.

## IV.    RECOMMENDATION

For the reasons discussed above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that the Court:

(1)    **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against **Officer Morales, Lieutenant Mathews, SIS Operator Machada, and Unknown Parties,** based on incidents occurring at FCI-Coleman, FCI-Atlanta, FCI-Bennettsville, FCI-Victorville, and FCI-Pollock due to improper joinder and improper venue;

(2)    **DISMISS with prejudice** Plaintiff's claims against **FCI-Three Rivers and the South Regional Office of the BOP** in their official capacities;

14 / 16

(3)     **DISMISS with prejudice** Plaintiff's Eighth Amendment claims for failure to protect against **Unknown Parties** (referenced in the Second Amended Complaint as a captain and other officials) in their individual capacities for failure to state a claim for relief; and

(4)     **DISMISS with prejudice** Plaintiff's additional incoherent and irrational claims as frivolous and/or for failure to state a claim for relief.

The undersigned further respectfully recommends that this dismissal **COUNTS** as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on May 3, 2022.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).